## R. K. BYRD *v.* M. C. WILCOX.

MORTGAGE. *Lien. Registration. Notice.* Where the title and possession both have passed to the purchaser of personal property, a lien only being retained, with power in the assignee of the notes given for the purchase money to sell, upon their non-payment at maturity, constitutes a mortgage only, and if not registered, will be void as to subsequent *bona fide* purchasers without notice, and a discovery of the incumbrance by such purchaser before registration of his conveyance works no injury to his superior title.

Cases cited : *Gambling* v. *Read,* Meig's R., 281 ; *Woods* v. *Burroughs,.* 2 Head, 207 ; *Brison* v. *Dougherty,* 11 Hum., 51.

Code cited : Section 2073.

### FROM ROANE.

Appeal from the Chancery Court. O. P. TEMPLE,. Chancellor.

W. R. WASHBURN for complainant.

JOHN BAXTER for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

In 1871, J. M. Rice was the owner of the steamboat " Emory City," which was in process of construction at Kingston, in Roane county. On the 17th of October, 1871, he entered into a written agreement with M. Wilcox, for the sale of the boat, at the price of $1,780, for which Wilcox executed his two notes, payable at three and four months. These notes were endorsed to E. P. Bailey, cashier of the Exchange

and Deposit Bank, in payment of a debt due by Rice to the bank. In the agreement of sale these notes constituted a first lien on the boat and machinery, Wilcox undertaking to complete the work on the boat as soon as practicable, and assume all contracts for materials and machinery already made by Rice; and if the notes were not paid at maturity, it was agreed that E. P. Bailey, as trustee, should sell the boat and machinery, and out of the proceeds pay the two notes to Bailey, and any residue to Wilcox. Under this agreement Wilcox took possession of the boat, and proceeded to work on it. But on the 29th of February, 1872, he conveyed the boat to R. K. Byrd, including all the machinery and fixtures, as well as materials already contracted for, whether at Kingston or Knoxville, and all contracts for the completion of the boat, and Byrd assumed various liabilities of Wilcox, specified. This conveyance was registered in Roane county on the 15th of March, 1872, and in Knox on the 27th of March, 1872. The agreement between Rice and Wilcox was never registered. Under proceedings which took place under the various bills and cross-bill, all of which were consolidated, the steamboat was sold and purchased by Byrd, for about $5,000; and the questions in the case have reference to the distribution of the proceeds among the numerous claimants — many of whom are mechanics, who worked on the boat, or others who furnished machinery or materials — all of whose claims were reported upon, but most of them disallowed, upon exceptions, because the parties had lost their liens, by failing to bring them

forward within the time prescribed by law.    We find no error in the action of the chancellor on these exceptions, all of which he allowed except two.    In this respect the decree is confirmed.

The main question in this case now is, as to the priority of the claims of E. P. Bailey as assignee of Rice of the two notes before referred to, and that of R. K. Byrd, under his conveyance of February 29th, 1862.    The chancellor held that Byrd had the prior lien on the funds.    This holding is contested by Bailey.

The written agreement between the parties witnesses that Rice has sold the boat to Wilcox and received his two notes, which are a first lien on the boat, and if the notes are not paid at maturity, Bailey, as trustee, is authorized to sell it for cash and pay the notes to Rice, and pay any balance to Wilcox.    The agreement is signed by both parties.    The legal effect of the paper is, that the title and the possession of the boat passed to Wilcox, the purchaser, but he holds the title subject to a lien in favor of Rice, the seller, for the payment of the purchase money.    If the title had been retained by Rice as security for the payment of the notes, although the boat was delivered to Wilcox, it would have been only a conditional sale, and not falling under our registration laws, as held in *Gambling* v. *Read*, Meigs' R., 281; *Woods* v. *Burroughs*, 2 Head, 207, and *Brison* v. *Dougherty*, 11 Hum., 51. But here the title and possession both pass to Wilcox, the purchaser, and upon his failure to pay the price, the trustee is to sell, to satisfy the lien retained by

Rice, the seller. This constitutes it a mortgage, and subjects it to the registration laws.

By section 2075 of the Code, the instrument is null and void, as against *bona fide* purchasers from the maker, without notice. The question then arises, whether Byrd took his conveyance of the boat on the 29th of February, 1872, with notice of Rice's prior lien? Bailey, the trustee and assignee of Rice, filed his cross-bill, in which he charged notice on Byrd. To this Byrd answers, that "at the time of the execution of the conveyance by Wilcox to him, he had no notice whatever of the claim of Bailey, but that before he had his conveyance registered, he had heard something of Bailey's claim, or rather that Bailey had a claim, but he was not cognizant of its precise nature." In another answer to another bill of Bailey, as administrator of Rice, Byrd says that he had no notice of Bailey's claim until he saw the advertisement of the boat for sale by the trustee, and then he hastened to have his deed registered. The proof does not conflict with Byrd's answers. It follows, that when Byrd took his conveyance from Wilcox, he was an innocent purchaser, without notice. He thereby secured the title on account of Rice's failure to have his prior conveyance registered. As against Rice or Bailey, his assignee, Byrd's title was good without registration. The fact, therefore, that he afterwards had notice of Rice's prior claim, and after such notice had his conveyance registered, did not affect the title he had already acquired as innocent purchaser without notice, at the time of the purchase. The chancellor

took this view of the case, and gave Byrd priority over Rice or Bailey. In this he was correct, and we affirm his decree. It results, that the decree is in all respects confirmed, and the case will be remanded for further proceedings, but as all the parties have appealed, the costs of this court will be paid out of the funds.